*In re* PETITION OF LISA ANN CRAIG, by Debra Kay Ahlden, as Mother and Next Friend, for change of name (Debra Kay Ahlden *et al.*, Plaintiffs-Appellees, v. Bradford S. Craig, Defendant-Appellant).

Fourth District   No. 4—87—0504

Opinion filed December 31, 1987.

Paul H. Vallandigham, of Urbana, and Leslie G. Gordon, of Indianapolis, Indiana, for appellant.

Michael J. Zopf, of Reno, O'Byrne & Kepley, P.C., of Champaign, for appellees.

JUSTICE SPITZ delivered the opinion of the court:

On April 16, 1987, a petition for change of name was filed in the Champaign County circuit court on behalf of Lisa Ann Craig by her mother, Debra Kay Ahlden, pursuant to "An Act to revise the law in relation to names" (Ill. Rev. Stat. 1985, ch. 96, par. 1 *et seq.*) seeking to change Lisa's surname from Craig to Ahlden. On June 26, 1987, a hearing was conducted to consider the petition.

On that date, Lisa was 12 years old and had lived with her mother pursuant to a custody order entered in 1976 in a divorce proceeding wherein Debra Kay Craig was divorced from Lisa's father, Bradford Stephen Craig. Debra Kay Craig married Clark Ahlden on

December 6, 1980. At the time of the hearing, two children had been born to Mr. and Mrs. Ahlden, Clark Ryan Ahlden, age 5, and Clayton Paul Ahlden, age 4. Bradford Stephen Craig, Lisa's father, had also remarried in October 1980. Lisa is Craig's only child.

The evidence adduced at the hearing indicated that Craig had consistently paid child support for Lisa since the time of the divorce, that Lisa and Craig have a loving relationship, that there has been no misconduct or neglect by Craig towards Lisa, and that Craig vigorously opposes the name change.

Lisa testified that she wanted to change her last name so that she could have the same last name as her brothers, who will attend the same school. She stated that she is very close to her stepbrothers and that she wants to be known as their sister. She also testified that she loves her stepfather, and desires to have his name and the name of her family. She stated that she did not want to change her name to disassociate herself from her natural father. She further stated that both her mother and stepfather support her desire to change her surname, but she denied that anyone told her to change her name. She further testified that she had been thinking about changing her name for about two years.

Debra Kay Ahlden testified that Lisa has become integrated into her new family and that she wants Lisa to have the surname Ahlden because Lisa has wanted this for a long time, and she wants Lisa to be happy. She stated that Lisa gets very upset at times when people will refer to her and Clark as Mr. and Mrs. Craig.

At the conclusion of the hearing, the trial judge orally granted the petition, stating:

> "Under these circumstances, unique to this case and unique to the maturity and judgment of this child, I think that her express preference outweighs all of the other facts presented, and, for that reason, I'm going to permit the prayer of the Petition."

On July 20, 1987, a written order was entered changing the name of Lisa Ann Craig to Lisa Ann Ahlden. The order provided, in part:

> "[5.] That the minor is of the age of 12 years and is uncommonly mature, exceptionally intelligent, capable, confident, and reasonable.
>
> [6.] That the minor's desire to change her name is a product of years of thought on her part.
>
> [7.] That the child's adjustment to her home, school and community would be served by the granting of prayer of the petition."

On July 24, 1987, a notice of appeal was filed in the trial court by Bradford Stephen Craig seeking a reversal of the trial court's order. On August 5, 1987, a motion for an order staying judgment was filed in the circuit court.

On August 25, 1987, a hearing was held on that motion, and the motion was denied. On September 22, 1987, a motion for an order staying judgment was filed in this court pursuant to Supreme Court Rule 305 (107 Ill. 2d R. 305). On September 28, 1987, a written objection was filed by petitioner, and on the same date, this court, by a divided panel, entered an order denying the motion.

On appeal, Craig contends that the circuit court's decision to grant the petition for change of name constituted an abuse of discretion in light of the decision of the Illinois Supreme Court in *In re Marriage of Presson* (1984), 102 Ill. 2d 303, 465 N.E.2d 85. We disagree with this contention.

In *Presson*, the mother of Gregory Wayne Presson sought to change the surname of her son from Presson to Kelly, which was the surname of her new husband. This change of name was sought less than five weeks after Gregory's mother had remarried. Gregory's father sought and obtained an injunction in the trial court barring the use, both formally and informally, of any surname other than Presson.

The Illinois Supreme Court upheld the authority of the trial court to issue an order enjoining the mother from changing Gregory's name in any legal proceedings or using the name in official records, but refused to extend the injunction to informal situations within the family. The court stated that even though there is a common law right to change one's name without resort to legal proceedings, the standard that must be applied in these cases is the best interest of the child.

In *Presson*, the court decided that because the minor was seven years old and his mother had been remarried for less than five weeks, coupled with the fact that Gregory testified he preferred to be called his mother's surname when he was with her and by his father's when he was with him, that it would not be in Gregory's best interests to change his name.

The court further reasoned that given Gregory's young age and the bickering between his parents, Gregory was particularly vulnerable to pressures from his parents, and the idea to change his name may not have been entirely his own. The court also noted that although Gregory's surname was different from that of his mother and stepsiblings, any resulting embarrassment alone was not enough to warrant changing his name.

The Illinois Supreme Court set forth the following guidelines in *In*

*re Marriage of Presson* (1984), 102 Ill. 2d 303, 308-09, 465 N.E.2d 85, 87-88:

> "[A] change in a minor's surname shall be allowed only when the court finds that the change is in the best interests of the minor. [Citations.] ***
>
> To determine the best interest of the child, the court should consider the expressed wishes of the child and of both parents, the stated reasons for the proposed change, the child's age and maturity, the nature of the family situation, the strength of the tie between the child and each parent, any misconduct toward or neglect of the child by the parent opposing the change, and the name by which the child has customarily been called." *Presson,* 102 Ill. 2d at 308-09, 465 N.E.2d at 87-88.
>
> "In 1985, the Illinois legislature expanded the standard of review to 'clear and convincing evidence that the change is necessary to serve the best interest of the child.' The relevant factors in determining the best interest of the child under this standard of review are: '(1) the wishes of the parents *** (2) the wishes of the child and the reasons therefor *** (3) the interaction and interrelationship of the child with his or her parents *** (4) the child's adjustment to his or her home, school and community ***.' Ill. Rev. Stat. 1985, ch. 96, par. 1." *In re Marriage of Schaefer* (1987), 161 Ill. App. 3d 841, 845, 515 N.E.2d 710.

■ From our review of the record in this case, we are convinced that the trial court meticulously followed the guidelines set forth in *Presson,* and the relevant statutory provisions, and that the trial court's decision did not constitute an abuse of discretion. Several important factors distinguish the instant case from *Presson.* First, Lisa was 12 years old at the time of the hearing, whereas the child in *Presson* was only seven years old. Also, the evidence in *Presson* indicated that the child was in some way coerced into seeking a name change, whereas there is no evidence of coercion in the instant case. Furthermore, the child in *Presson* was obviously confused as to his desires and under considerable pressure, as evidenced by his desire to be called one name while with his mother and another name while with his father. There is no evidence of confusion or pressure in the instant case. Finally, a much longer period of time has elapsed between the divorce and subsequent desire for a name change in the instant case. Under these circumstances, we do not believe that the trial court abused its discretion in determining that the proposed name change was in the best interests of Lisa.

■ It is well settled that a trial judge sitting without a jury has an obligation of weighing the evidence and making findings of fact, and that a reviewing court will defer to the trial court's findings in close cases unless those findings are against the manifest weight of the evidence. (*Chicago Investment Corp. v. Dolins* (1985), 107 Ill. 2d 120, 481 N.E.2d 712.) As the trial court's comments at the hearing of this cause suggest, this was a difficult case. However, under the unique factual situation presented by this case, we hereby defer to the circuit court's determination that the change of name was in Lisa's best interest.

For the reasons stated herein, the order of the circuit court granting the petition for change of name is hereby affirmed.

Affirmed.

McCULLOUGH and LUND, JJ., concur.